```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
MARY MILLER,

                    Plaintiff,
                                            TRANSFER ORDER
          -against-                         20-CV-2271(JS)(AKT)

ANDREW M. CUOMO, Governor, State
of New York; LAWRENCE K. MARKS,
Chief Administrative Judge, NYS
Office of Court Administration;
KIP CASSAVAW, County Clerk,
Franklin County;

                    Defendants.
------------------------------------X
APPEARANCES
For Plaintiff:      Mary Miller, pro se
                    207 West Broadway
                    Inwood, New York 11096

For Defendants:     No appearances.
```

SEYBERT, District Judge:

On May 18, 2020, pro se plaintiff Mary Miller ("Plaintiff") filed a Complaint in this Court against New York State Governor Andrew M. Cuomo ("Governor Cuomo"), Lawrence K. Marks, the Chief Administrative Judge for the New York State Courts ("Judge Marks"), and Kip Cassavaw, the County Clerk for Franklin County ("Cassavaw" and collectively, "Defendants") pursuant to 42 U.S.C. § 1983 (Complaint, D.E. 1), together with an application to proceed in forma pauperis (IFP App., D.E. 2). Plaintiff complains of events are that are alleged to have occurred at the Franklin Correctional Facility in Malone, New York and at the County Clerk's Office in Franklin County, New York. For the reasons set forth below, the Court TRANSFERS this action to the United States

District Court for the Northern District of New York.

The claims in the Complaint, though far from clear, arise from the alleged refusal of Cassavaw to accept and file an Article 78 petition from Plaintiff and her son, Daniel Miller, an inmate at the Franklin Correctional Facility. According to the Complaint and accompanying Proposed Order to Show Cause, (OSC, D.E. 3), the Article 78 petition sought to challenge "Time Allowance Committee's" December 2019 decision to deny "good conduct time" to Daniel Miller. (Decl. Mary Miller, D.E. 4, ¶ 9.) Plaintiff complains that Governor Cuomo's Executive Order that "effectively ceased all NYS court operations" in response to COVID-19 (Compl. ¶ 17), as implemented by Judge Marks and Cassavaw, is unconstitutional. Plaintiff alleges that, had the Article 78 petition been accepted by the County Clerk (and presumably favorably adjudicated), her son would have been released and would have returned to Nassau County to assist her with daily living as well as shopping in Nassau County. (See Compl., generally). Thus, Plaintiff claims that "venue is proper in the Eastern District of New York because a substantial part of the events is affecting Plaintiff's ability to engage in interstate commerce in the County of Nassau, State of New York." (Compl. ¶ 3.) The Court disagrees.

Under the general venue provision:

a civil action may be brought in--(1) a judicial district

> in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Here, a substantial part of the events or omissions giving rise to Plaintiff's claims are plainly alleged to have occurred in Franklin County, New York. Franklin County is in the Northern District of New York. See 28 U.S.C. § 112(a). Thus, since the events and omissions giving rise to Plaintiff's claims occurred in that district, venue for this action lies there. There is no connection between this lawsuit and the Eastern District of New York other than the fact that Plaintiff resides in Inwood, New York. Although Plaintiff appears to venue this case in the Eastern District because, had the Article 78 petition been accepted in Franklin County, and had it been adjudicated favorably, then her son would have been released and moved to Nassau County where he would have assisted her by, among other things, shopping in Nassau County, the Court finds such a string of hypothetical events too attenuated to find venue properly lies here. Instead, Plaintiff's claims arose in Franklin County, New York. Thus, it is in the interest of justice to transfer this action under

3

§ 1406(a) to the Northern District of New York.

Accordingly, in the interests of justice, without offering any opinion on the merits of Plaintiff's claims, this action is TRANSFERRED to the United States District Court for the Northern District of New York. 28 U.S.C. §§ 1391(b), 1406(a). The determination of Plaintiff's application to proceed in forma pauperis is reserved for the transferee court. Summonses shall not issue from this Court.

The Clerk of the Court is directed to: (1) transfer this case to the Northern District of New York forthwith; (2) mail a copy of this Order to the pro se Plaintiff; and (3) mark this case CLOSED.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

                                                  SO ORDERED.

                                        /s/   JOANNA SEYBERT
                                        Joanna Seybert, U.S.D.J.

Dated: May   26  , 2020
       Central Islip, New York